IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**CHRISTOPHER LEE BISHOP**                                                            **PLAINTIFF**

V.                                       No. 5:10CV00190 BD

**STATE OF ARKANSAS,** *et al.*                                                       **DEFENDANTS**

## ORDER

I.   Background:

Plaintiff filed this § 1983 lawsuit *pro se* alleging that in October 2009, while he was incarcerated at the Arkansas Department of Correction ("ADC"), he broke his thumb. He claims that this injury went untreated until March 2010, and that as a result of the delay in treatment, his thumb does not function properly.

Defendants have filed a motion for summary judgment arguing that Plaintiff's claims should be dismissed because he failed to exhaust his claims under the Prison Litigation Reform Act ("PLRA") prior to filing the lawsuit. (Docket entry #21) Plaintiff has not responded to the Defendants' motion, and the time for doing so has expired (#24). The Defendants' motion (#21) should be GRANTED.

II.  Analysis:

A.   Summary Judgment Standard

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact. FED. R. CIV. P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 246 (1986).  Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party has an affirmative burden to go beyond the pleadings and by depositions, affidavits, or otherwise, designate "specific facts showing that there is a genuine issue for trial."  FED. R. CIV. P. 56(e); *Mosley v. City of Northwoods*, 415 F.3d 908, 910-11 (8th Cir. 2005) ("The nonmoving party may not 'rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.'" (quoting *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995))).  If the opposing party fails to carry that burden or fails to establish the existence of an essential element of its case on which that party will bear the burden of proof at trial, summary judgment should be granted.  See *Celotex,* 477 U.S. at 322.  "Although it is to be construed liberally, a *pro se* complaint must contain specific facts supporting its conclusions."  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

  B.  Exhaustion

  The PLRA requires that prisoners exhaust all "available" remedies before filing suit under 42 U.S.C. § 1983.  See 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 738, 121 S.Ct. 1819 (2001) (holding that available remedies "must be exhausted before a complaint under § 1983 may be entertained").  The United States Court of Appeals for the Eighth Circuit has defined "available" as "capable of use for the accomplishment of a purpose; immediately utilizable [and] accessible."  *Miller v. Norris*, 247 F.3d 736, 740

(8th Cir. 2001). It does not matter whether a prisoner subjectively believes that there was no point in pursuing his administrative remedies. *Lyon v. Vande Krol*, 305 F.3d 806, 808-09 (8th Cir. 2002); *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000), cert. denied 531 U.S. 1156 (2001).

If exhaustion is not complete by the time the prisoner's complaint is filed, the case must be dismissed. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). Prisoners are excused from completing administrative procedures only when correctional officials have prevented prisoners from using the procedures or when the officials themselves have failed to comply with administrative procedures. *Miller v. Norris*, *supra* at 740; *Foulk v. Charrier*, 262 F.3d 687, 697-98 (8th Cir. 2001).

Here, the undisputed evidence shows that Plaintiff filed only one grievance in the time period relevant to this lawsuit, VSM-10-593. (#23-1 at p.1) Plaintiff did not appeal that grievance. (#232-1 at p.1) Under the ADC grievance procedure, in order to fully exhaust a medical grievance, an inmate must appeal the medical response to the Deputy Director of Health and Correction Programs. (#23 at pp.1-2) Plaintiff did not do so. (#23-1 at p.1)

Plaintiff has failed to present any evidence that he fully exhausted his administrative remedies regarding the claims at issue in this lawsuit or that the Defendants prevented him from pursing his administrative remedies. As a result,

Plaintiff has failed to create a material question of fact on this issue and Defendants are entitled to judgment as a matter of law.

### III.   Conclusion:

The Defendants' motion for summary judgment (#21) is GRANTED. Plaintiff's claims are DISMISSED without prejudice.

IT IS SO ORDERED this 18th day of November, 2010.

_____
UNITED STATES MAGISTRATE JUDGE